1  JEFF SILVESTRI (NSBN 5779)
   RYAN J. WORKS (NSBN 9224)
2  RORY T. KAY (NSBN 12416)
   McDONALD CARANO LLP
3  2300 West Sahara Avenue, Suite 1200
   Las Vegas, Nevada 89102
4  Telephone: (702) 873-4100
   Facsimile: (702) 873-9966
5  jsilvestri@mcdonaldcarano.com
   rworks@mcdonaldcarano.com
6  rkay@mcdonaldcarano.com

7  *Attorneys for Plaintiff MC Brands, LLC*

8

                    **UNITED STATES DISTRICT COURT**
9
                        **DISTRICT OF NEVADA**
10

11  MC BRANDS, LLC, a limited liability          Case No.: 2:19-cv-00481
    company,

12                        Plaintiff,

13  vs.                                          **PLAINTIFF MC BRANDS, LLC'S
                                                 REPLY IN SUPPORT OF EMERGENCY
14  CWNevada, LLC, a limited liability company;  MOTION TO REMAND**
    DOES 1-10; and ROE CORPORATIONS 1-10,
15  inclusive,

16                        Defendants.

17

18

19        In filing its Opposition to MC Brands' Emergency Motion, CWN confirms that it

20  removed on diversity grounds based on incorrect assumptions regarding MC Brands' LLC

21  membership rather than facts pleaded in MC Brands' Complaint or otherwise learned during

22  discovery.  Moreover, in admitting it failed to properly consider all bases for removal, CWN

23  asks for a second bite at the apple to assert federal question jurisdiction based on its incorrect

24  reading of the non-binding case of *PharmaCann Penn, LLC v. BV Development Superstition RR,*

25  *LLC*.  CWN also claims the forum defendant rule does not apply to it.  Finally, CWN

26  nonsensically argues that MC Brands somehow waived the Agreement's forum selection clause

27  by filing a Complaint to enjoin CWN's competing products based on its misappropriation of

28

2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

McDONALD CARANO

MC Brands' trade secrets and its violation of the licensing agreement's noncompetition provision.

Simply put, CWN's efforts are nothing more than an attempt to distract from its own failures in hastily and improperly removing this case so that it could continue misappropriating MC Brands' trade secrets. On any of the grounds cited in MC Brands' Motion, CWN's removal was improper, and MC Brands is entitled to recover its attorney's fees and costs incurred in filing the Motion.

DATED this 11th day of April, 2019.

McDONALD CARANO LLP

By: /s/ Rory T. Kay
Jeff Silvestri (NSBN 5779)
Ryan J. Works (NSBN 9224)
Rory T. Kay (NSBN 12416)
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102

*Attorneys for Plaintiff MC Brands, LLC*

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.   **ARGUMENT**

A.   **CWN's Argument That MC Brands "Waived" the Forum Selection Clause in the Parties' Licensing Agreement is Nonsensical.**

Given its attempts to avoid attorney's fees and costs for its frivolous removal, CWN understandably spends the bulk of its Opposition arguing about diversity and federal question jurisdiction and blaming MC Brands for not helping CWN cure its improper removal. What CWN cannot do is explain to the Court why the express forum selection clause in the parties' licensing agreement is unenforceable when it requires that this case be heard in Nevada state court.

4815-7963-2020, v. 2

McDONALD CARANO

2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

1    Contrary to CWN's assertions, the forum selection clause in paragraph 13(h) is

2    unambiguous and enforceable as shown by clear case law cited in MC Brands' Motion.[1]

3    Through that clause, CWN contractually agreed to have the case heard in Nevada state court, and

4    that contractual language was plain and obvious before CWN removed it from state court.  As

5    CWN has done in this case and several others, however, it refused to be constrained by contracts

6    it voluntarily signed.  Instead, it frivolously removed this case.

7    That removal was improper, but CWN now nonsensically argues that MC Brands

8    somehow "waived" the forum selection clause in paragraph 13(h) because MC Brands chose to

9    file suit under paragraph 13(j) to obtain injunctive relief preventing CWN's misappropriation of

10   MC Brands' trade secrets.  *See* Opposition at 14:25-15:19.  But paragraph 13(h) clearly gives

11   MC Brands the right to bring court proceedings "to obtain in state courts in Nevada preliminary

12   injunctive relief or other interim remedies." Exh. 1 to Motion at ¶ 13(j).  That is precisely what

13   MC Brands did in state court, obtaining a temporary restraining order from Judge Elizabeth

14   Gonzalez before CWN improperly removed this case to avoid Judge Gonzalez's written order.

15   *See* Exh. 1 to Notice of Removal ("Notice"), ECF No. 1-2 (Pages 164-65 of 173).  There was

16   nothing inappropriate under paragraph 13(h) about MC Brands' requested relief.[2]

17   Moreover, CWN cites not a single case suggesting that, even if CWN's interpretation of

18   paragraph 13(j) was correct, MC Brands' actions would constitute a contractual waiver of the

19   forum selection clause.  *See* Opposition at 14:25-15:19.  Pursuant to Nevada law, contractual

20   waiver must be clear and unambiguous before the Court can find MC Brands waived a

21   contractual right.  *See Gramanz v. T-Shirts & Souvenirs, Inc.*, 111 Nev. 478, 483, 894 P.2d 342,

22   346 (1995) ("To establish waiver, the party asserting waiver must prove that there has been an

23   intentional relinquishment of a known right.").  Here, there is nothing suggesting MC Brands

24   waived the forum selection clause, much less that it was clear and unambiguous.  On the

25   [1]    MC Brands provided this case law to CWN's counsel before MC Brands filed its
     Emergency Motion.  Just as CWN does now in its Opposition, CWN's counsel repeatedly
26   ignored the implications of this forum selection clause in refusing to withdraw CWN's Notice of
     Removal.  *See* Exh. A to Kay Decl., ECF No. 6.

27   [2]    Notably, CWN did not make this argument in front of Judge Gonzalez, which would have
28   been a threshold issue to avoid the temporary restraining order.  Instead, CWN is making it up on
     the fly in attempting to justify its improper removal.

McDONALD CARANO

2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

1  contrary, MC Brands performed the licensing agreement as required to obtain injunctive relief

2  from Judge Gonzalez.

3      Consequently, there is no merit to CWN's waiver argument.  It is factually baseless, at

4  odds with the licensing agreement's plain language in paragraphs 13(h) and 13(j), and

5  unsupported by case law.

6      **B.      This Case is Not Exceptional and the Forum Defendant Rule Applies.**

7      Worse than CWN's waiver argument is its argument that the forum defendant rule does

8  not apply because it would lead to an "absurd" result.  *See* Opposition at 7:9-18.  CWN cites *Safe*

9  *Air for Everyone v. United States EPA* and *Watanabe v. Lankford* to claim that every case

10 involving cannabis would produce an "absurd" result if heard in state court and that the Court

11 should presumably assert diversity jurisdiction over this case and every other one involving

12 cannabis.  *See* Opposition at 7:10-18.

13     Again, however, this is argument is without merit and is unsupported by the case law.

14 The forum defendant rule recognizes that diversity jurisdiction is intended to protect an out-of-

15 state defendant from being "hometowned" in a state court, a protection that is not needed when

16 the defendant resides in the forum state.  *See Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933,

17 940 (9th Cir. 2006) ("Removal based on diversity jurisdiction is intended to protect out-of-state

18 defendants from possible prejudices in state court.").  Diversity jurisdiction is not intended,

19 however, to expand the Court's jurisdiction to every case touching upon a subject matter that

20 might tangentially involve a federal law.  *See id.* at 940-41 (noting removal jurisdiction is a

21 "creature of statute" and violating the forum defendant rule "prevents the district court from

22 exercising jurisdiction over the matter.").

23     *Safe Air* and *Watanabe* illustrate how misguided CWN's argument is on this point.  *Safe*

24 *Air* does not involve diversity jurisdiction at all but instead the Ninth Circuit's statutory review

25 of the Clean Air Act ("Act") and the Environmental Protection Agency's approval of the State of

26 Idaho's State Implementation Plan ("SIP") under the Act.  *See* 488 F.3d 1088, 1091.  The Ninth

27 Circuit held that following the plain language of the Act prohibiting field burning in the SIP

28 would not lead to an absurd result.  *See id.* at 1099.  That CWN would cite this case as somehow

McDONALD CARANO

2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

Page 4 of 16

1   supporting its claim that the forum defendant rule does not apply evidences how far CWN is

2   reaching to justify its improper removal.

3     *Watanabe* is no better, as that Hawaii case held that removal based on complete diversity

4   before a plaintiff had served an in-state defendant would not lead to an absurd result. *See* 684 F.

5   Supp. 2d 1210, 1219 (D. Haw. 2010).  In *Watanabe*, the plaintiff delayed in serving an in-state

6   defendant, and so an out-of-state defendant removed based on diversity before the plaintiff

7   served the in-state defendant. *See id.*  The plaintiff ultimately served the in-state defendant and

8   moved for remand based on the forum defendant rule. *See id.*  The *Watanabe* court found that

9   the forum defendant rule did not apply because the plaintiff had not served the in-state defendant

10  at the time of removal, and thus the removal statute's plain language allowed removal. *See id.*

11  The plaintiff argued this would lead to an "absurd" result, but the court rejected this based on the

12  statute's plain language, which counted only "joined and served" defendants for the purposes of

13  the forum defendant rule. *See id.*  Consequently, it was not "absurd" to enforce the statute's

14  plain terms. *See id.*

15    Here, as with its other arguments, CWN offers no citation supporting its argument that

16  enforcing the plain language of the forum defendant rule would lead to an absurd result.  On the

17  contrary, just as the *Watanabe* court did, this Court should enforce the plain language of the

18  removal statute and apply the forum defendant rule to remand this case.  CWN is a Nevada

19  citizen, it was joined and served at the time of removal, and so there is no risk that it will be

20  "hometowned" in Nevada state court.[3]

21     **C.** **Diversity Jurisdiction Is Not Present and CWN Admits It Rushed to Remove**
22       **the Case Rather Than Confirming Complete Diversity.**

23      **1.** CWN made no effort to satisfy its burden to properly plead diversity
24        jurisdiction.

25    CWN attempts to turn the burden of proof for removal on its head by blaming MC

26  Brands for not providing informal discovery to CWN regarding MC Brands' members.  *See*

27  _____
28  [3] Indeed, other than this one, CWN has at least three other open cases in Nevada state court
    in front of Judges Gonzalez, Allf, and Bare.  It has not tried to remove any of them because of
    purported state court prejudice against it as a Nevada resident.

McDONALD CARANO

2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

1    Opposition at 5:15-7:8.  CWN complains that MC Brands would not provide CWN with the

2    identity of MC Brands' Nevada member and so CWN assumed MC Brands was a Colorado

3    limited liability company because MC Brands was formed in Colorado and its "founders and

4    management are all from Colorado or states other than Nevada." *See id.* at 7:1-8.

5         There is a "strong presumption against removal" and removing parties must properly

6    establish removal based on more than mere assumptions.  *Kern v. State Farm Mut. Ins. Co.*, 2014

7    WL 6983241 at *2 (D. Nev. 2014).  Moreover, the residence of the "founders and management"

8    of an LLC have no bearing on its citizenship for diversity purposes.  *See Johnson v. Columbia*

9    *Properties Anchorage LP*, 437 F.3d 895, 899 (9th Cir. 2006).  Instead, it has long been the rule

10   that "an LLC is a citizen of every state of which its owners/members are citizens."  *Id.*  That

11   membership is determined at the time of removal, not the time the company was founded.  *See*

12   *id.*  Thus, before removing the case, CWN was required to determine the residence of MC

13   Brands' members rather than assuming it.

14        CWN admits that it failed to do so before removing this case.  Specifically, it claims that,

15   in removing a case, it "is not unreasonable **to assume** that a Colorado company would be

16   comprised of Colorado based members when its principal place of business is in Colorado."

17   Opposition at 7:23-25 (emphasis added).  Yet that is precisely what it is.  Limited liability

18   companies frequently have members in multiple states.  It is unreasonable to assume that, solely

19   because an LLC does business in a specific state, all its members reside there.  Indeed, from its

20   filings in other cases, it appears that CWN has members that reside in other states, though it does

21   business only in Nevada.  CWN has offered no reason why it applied a different standard to MC

22   Brands than its own company profile reveals.

23        Additionally, if CWN truly wanted to learn the specific name of MC Brands' members to

24   establish complete diversity before removal, it had a clear pathway through discovery to do so,

25   as Judge Gonzalez expressly permitted the parties to serve written discovery before the

26   scheduled April 19, 2019 injunction hearing.  *See* Exh. 1 to Notice, ECF No. 1-2 (Page 166 of

27   173).  CWN could have completed discovery before the April 19 hearing and determined all the

28   facts it needed to establish the residence of MC Brands' members and therefore the company's

McDONALD CARANO

2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

Page 6 of 16

1   residency for diversity purposes.  Instead, CWN did not serve any discovery requests before

2   removing based on assumption.[4]

3          Moreover, MC Brands expressly represented to CWN before filing the Motion that MC

4   Brands had a Nevada-based member, DL Investment Holdings, LLC.  *See* Kay Decl. at Exh. A,

5   ECF No. 6.  Because CWN carries the burden of proving removal and establishing this Court's

6   jurisdiction, MC Brands has no obligation to provide CWN with informal discovery or otherwise

7   carry CWN's burden for it.  Instead, CWN had procedural tools available to it to discover MC

8   Brands' members, and it failed to use them.

9          Finally, CWN has made no effort whatsoever to satisfy the *Johnson* standard or even

10  attempt to apply it.  *See Johnson*, 437 F.3d at 899.  Contrary to *Johnson*, CWN's Notice does not

11  indicate either CWN's or MC Brands' membership.  *See* Notice at ¶ 1, ECF No. 1.  Thus, CWN

12  has not established its own citizenship sufficient to confer diversity jurisdiction upon the Court,

13  much less that of MC Brands.  Indeed, CWN makes no effort to do so, as it applied the incorrect

14  "principal place of business" test to both CWN and MC Brands in its Notice.  *See id.*  After MC

15  Brands filed the Motion pointing out the *Johnson* standard and CWN's faulty Notice, CWN filed

16  its Removal Statement, which again applies the incorrect "principal place of business" standard.

17  *See* Statement of Removal at ¶ 3, ECF No. 10.

18         Simply put, if CWN truly believed removal based on diversity was appropriate, it would

19  have made even a meager attempt to apply the *Johnson* test to its own members.  Instead, CWN

20  completely failed to even attempt to carry its burden on removal.

21  ────────────────────
    [4]      CWN suggests the 30-day removal deadline was approaching and so it had to remove
22  based on incomplete information.  *See* Opposition at 3:20-24.  But this is incorrect.  28 U.S.C. §
    1446(b)(3) states that, if the initial pleading does not provide sufficient facts to remove the case,
23  "a notice of removal may be filed within thirty days after receipt by the defendant, through
    service or otherwise, of a copy of an amended pleading, motion, order, or other paper from
24  which it may be ascertained that the case is one which is or has become removable."

25        Because MC Brands' Complaint did not list the residence of its members, the case was
    not removable by reference to the initial pleading, and so there was no 30-day removal deadline
26  for purposes of diversity jurisdiction.  Instead, the only removal deadline was the one-year mark
    set by 28 U.S.C. § 1446(c)(1), leaving CWN plenty of time to conduct discovery to ascertain MC
27  Brands' members and their residences.  Had CWN properly conducted this discovery rather than
    improperly and prematurely removing based on assumption, CWN would have learned complete
28  diversity was not present.

McDONALD CARANO

2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

2.    Complete diversity is not present.

For the purposes of this argument, MC Brands will assume that CWN's members exclusively reside in Nevada.[5]  MC Brands also has a Nevada-based member, DL Investment Holdings, LLC.  *See* Kay Decl. at Exh. A, ECF No. 6; *see also* Brown Decl. at ¶¶ 4-5, ECF No. 7.  MC Brands has provided a declaration from one of its employees, Kayla Brown, who has personal knowledge of its members because she "routinely communicate[s] with the members of MC Brands about matters related to MC Brands' operations."  Brown Decl. at ¶ 4, ECF No. 7.  Brown avers that one of MC Brands' members is DL Investment Holdings, LLC, and that the lone member of DL Investment Holdings, LLC is a Nevada resident.  *See id.* at ¶ 5.  She also states that DL Investment Holdings, LLC was a member of MC Brands when it filed the Complaint and when CWN removed this case.  *See id.* at ¶ 6.  Consequently, complete diversity does not exist.

Remarkably, however, CWN asks that Court to strike Brown's declaration because she is a mere "legal assistant employed by MC Brands" and because CWN somehow believes the best evidence rule applies to exclude Brown's declaration.  *See* Opposition at 5:20-6:8.  The first assertion is misplaced (and offensive) in that Brown is not only an executive legal assistant but one who graduated law school and recently sat for the bar exam in the State of Colorado.  *See* Brown Decl. at ¶ 1, ECF No. 7.  Intimating that she is somehow incompetent or untrustworthy because of her title has no place in this litigation.  *See* Opposition at 6:15-19 (ignoring Brown's statements to argue the Court must exclude Brown's declaration because CWN claims she has no personal knowledge of MC Brands' members).

CWN's citation to the best evidence rule is similarly incorrect.  *See* Opposition at 5:24-6:8.  By its plain terms, which CWN ironically quotes, the best evidence rule applies only when a party seeks to prove the contents of a document.  *See* FRE 1002; *see also* Opposition at 5:25-26.  The classic application occurs when a party seeks to prove the contents of a contract and the opposing party invokes the best evidence rule to require production of the contract.  *See, e.g.,*

---

[5]    Of course, MC Brands and the Court cannot be sure of this because CWN has not provided the Court with any information about CWN's members.

McDONALD CARANO

2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

1    *Warden v. PHH Mort. Corp.*, 799 F. Supp. 2d 635, 642 (N.D.W. Va. 2011).  Here, however, MC

2    Brands does not seek to prove the contents of a document.  Instead, it seeks to prove it has a

3    Nevada-based member, and the forms of evidence that can prove that fact include corporate

4    governance documents, witness testimony, etc.[6]  Because the best evidence rule does not "set up

5    an order of preferred admissibility, which must be followed to prove any fact," Brown's

6    declaration based on personal knowledge does not implicate the best evidence rule.  *United*

7    *States v. Gonzales-Benitez*, 537 F.2d 1051, 1053 (9th Cir. 1976).

8           CWN also cites FRE 602 and 803 to claim that Brown does not have personal knowledge

9    of MC Brands' members and that she is relying on hearsay to aver their residence.  CWN again

10   invents an argument, as Brown's declaration states that she is familiar with MC Brands'

11   members not just from reading corporate governance documents but also from "routinely

12   communicat[ing] with the members of MC Brands about matters related to MC Brands'

13   operations."  Brown Decl. at ¶ 4, ECF No. 7.  Thus, she plainly has personal knowledge of MC

14   Brands' members and their residences, and her declaration is admissible.

15          In one final misapplication the Federal Rules of Evidence, CWN claims Brown's

16   declaration does not meet the requirement of FRE 901 regarding authenticity because she does

17   not provide the corporate governance documents referenced in her declaration.  But Brown is not

18   attempting to introduce corporate governance documents into evidence, and so she has no

19   obligation to authenticate them under FRE 901.  *See* FRE 901(a) (noting a witness must

20   authenticate an item admitted into evidence by producing evidence sufficient to support a finding

21   that the item is what the proponent claims it is).  Rather Brown is establishing her personal

22   knowledge of MC Brands' members by explaining that she has reviewed corporate governance

23   documents listing the members and further communicated routinely with them.  *See* Brown Decl.

24   at ¶ 4, ECF No. 7.  Thus, she need not authenticate any item of evidence.

25

26   _____
     [6]      On this point, CWN blatantly misguides the Court when it states that MC Brands "is
27   trying to prove the contents of certain company records and documents."  Opposition at 6:1-34.
     MC Brands is trying to prove the residence of its members, not the contents of documents that
28   discuss the residence of its members.  Even if no documents existed, MC Brands could prove the
     residence of its members through other forms of evidence, namely witnesses like Brown with
     personal knowledge of MC Brands' members.

2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

McDONALD CARANO

**D.   Federal Question Jurisdiction is Not Present.**

After admitting that it incorrectly assumed diversity jurisdiction was present, CWN argues the Court should give it a second chance by amending the Notice to include federal question jurisdiction.   *See* Opposition at 9:25-10:12. CWN argues that this case implicates federal question jurisdiction because it generically involves cannabis. *See id.* at 10:19-28. CWN claims it did not put forth this argument in the original Notice because CWN's counsel did not think of it until MC Brands filed its Motion.  *See* Declaration of H. Stan Johnson ("Johnson Decl.") at ¶ 10, ECF No. 14.

CWN is wrong in two respects though.  First, its attempt to assert federal question jurisdiction is untimely under the removal statute.  Second, nothing in the case involves federal question jurisdiction, as MC Brands' causes of action are based on state contract law and state law regarding misappropriation of trade secrets.

1.   CWN's belated assertion of federal question jurisdiction is untimely.

CWN tries to avoid the 30-day deadline for removal by citing to *Durham v. Lockheed Martin Corp.* and claiming it has only "ascertained within the last ten (10) days that the case is one which is removable pursuant to 28 U.S.C. § 1446(b)(3)." Opposition at 10:6-12.  But this is CWN rewarding itself for its own delay in reviewing MC Brands' Complaint and the relevant case law.

"The thirty-day time period for removal starts to run from the defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face the facts necessary for federal court jurisdiction."   *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006).   Here, CWN's only argument regarding federal question jurisdiction is that "cases involving cannabis and cannabis-related issues" all establish federal question jurisdiction because of the Controlled Substances Act.  Opposition at 10:27-28.  But MC Brands served CWN with a copy of the Complaint on February 25, 2019, and that Complaint plainly indicates that the dispute between CWN and MC Brands involved CWN's breach of the parties' cannabis-related contract and its misappropriation of MC Brands' trade secrets in cannabis products.  *See* Notice at ¶ 2, ECF No. 1; *see also* Exh. 1 to Notice, ECF No. 1-2 (Pages 2-19 of 173).

4815-7963-2020, v. 2

McDONALD ☖ CARANO

2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

1   Thus, CWN knew of the facts purportedly necessary for federal question jurisdiction on

2   February 25, yet CWN's counsel admits he failed to do appropriate research until MC Brands

3   filed its Motion after the 30-day removal deadline.  *See* Johnson Decl. at ¶ 10, ECF No. 14.

4   CWN's attempts to assert federal question jurisdiction are therefore untimely because counsel's

5   failure to review relevant case law within the 30-day deadline does not extend the same.  CWN

6   knew of all relevant facts purportedly justifying federal question jurisdiction, and yet it failed to

7   include them in its Notice.  It cannot do so now.

8
            2.      CWN misleadingly applies a non-binding Pennsylvania district court case
9                   to argue all cases involving the cannabis industry establish federal
                    question jurisdiction.
10

11   CWN cites the Pennsylvania case of *PharmaCann Penn, LLC v. BV Development*

12  *Superstition RR, LLC* to argue that every case touching upon the cannabis industry involves

13  federal question jurisdiction because cannabis is purportedly illegal under the Controlled

14  Substances Act.  *See* Opposition at 10:27-11:16.

15   But this is not at all what *PharmaCann* held, and it borders on disingenuous for CWN to

16  cite it in this fashion.  *PharmaCann* was a case involving a deed to a property at a shopping

17  center.  *See* 318 F. Supp. 3d 708, 710 (E.D. Pa. Mar. 16, 2018).  The deed expressly included a

18  provision stating that the property could not be used "as a drug store or **for any 'unlawful'**

19  **purpose**."  *Id.* (emphasis added).  Accordingly, PharmaCann, the new owner of the property,

20  sued in state court for a declaration that it had the right to open a medical marijuana dispensary

21  despite this contractual language.  *See id.*  The defendants, PharmaCann's predecessors in

22  interest, removed based on federal question jurisdiction because deed in question expressly

23  restricted "unlawful activity," which necessarily required resort to both federal and state law.

24  *See id.* at 712.

25   In upholding removal, the district court judge explained the case was "exceedingly rare"

26  and that it was not purely local, but instead federal, because "at least one key question on the

27  merits is whether a medical marijuana dispensary is 'unlawful' under federal law" and therefore

28  violative of the lease's plain language.  *Id.* at 713 and 718, respectively.  Thus, the contract's

4815-7963-2020, v. 2

McDONALD CARANO

2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

1   plain language required the court to interpret "lawfulness," and a federal court was better

2   positioned to do that than a state court regarding medical cannabis.  *See id.* at 718.

3       Here, however, there is no similar contractual language requiring the Court to make a

4   threshold determination of lawfulness regarding cannabis.  Indeed, MC Brands' claims involve

5   both state tort law (misappropriation of trade secrets) and state contract law (breach of the

6   licensing agreement), and the licensing agreement does not require the Court to make a threshold

7   determination of lawfulness.  There are no federal claims, and even CWN's illegal contract

8   defense is based on state law.[7]  Thus, CWN's attempt to use *PharmaCann* to make every

9   cannabis-related case into one involving a federal question is misguided.  Instead, as the

10   *PharmaCann* judge himself stated, *PharmaCann* was an exceedingly rare case with no

11   precedential value to this one.

12       **E.**    **CWN's Improper Removal Justifies Fees and Costs.**

13       CWN's only argument against fees and costs for its improper removal is that MC Brands'

14   counsel's refusal to provide the specific identity of MC Brands' Nevada-based member

15   "undermines their request for fees."  Opposition at 8:5-9:16.  But this is untrue for several

16   reasons.

17       First, as described above, CWN had the burden to allege diversity jurisdiction by

18   referencing its members as well as MC Brands' members, and MC Brands had no obligation to

19   provide informal discovery to CWN on this issue.  MC Brands identified the Nevada-based

20   member and encouraged CWN to look the member up on the Nevada Secretary of State website.

21   *See* Exh. A to Kay Decl., ECF No. 6.  Even this went beyond MC Brands' obligation to provide

22   information.

---

23   [7]    Judge Gonzalez already rejected CWN's argument regarding the illegal contract defense

24   and the Controlled Substances Act when CWN raised it below.  *See* Exh. 1 to Notice, ECF No.
   1-2 (Pages 159-160 of 173).  Moreover, even at the federal level, federal courts have recognized

25   the illogic of using the illegal contract defense regarding cannabis where the party raising the
   defense executed a contract with express knowledge of the Controlled Substances Act.  *See*

26   *Mann v. Gullickson*, 2016 WL 6473215 at *8 (N.D. Cal. 2016) (declining to apply the illegal
   contract defense because the party raising it "knew—or should have known—that marijuana was

27   illegal under federal law."); *see also Ginsburg v. ICC Holdings, LLC*, 2017 WL 5467688 at *8
   (N.D. Tex. 2017) (noting the illegal contract defense must take into account "relative moral

28   culpability" of the party raising the defense after signing a contract knowing cannabis was
   nominally illegal at the federal level).

McDONALD CARANO

2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

1    Second, separate and apart from MC Brands' membership, CWN has now filed three

2    separate documents and it has yet to provide information on its own members' residences for

3    analysis under *Johnson*. *See* 437 F.3d at 899. Thus, even assuming MC Brands' counsel had

4    provided CWN with informal discovery about MC Brands' members, CWN has still fallen short

5    of its pleading burden on removal because it has not established CWN's own citizenship for

6    diversity purposes.

7    Third, CWN's "woe is me" approach to carrying its burden to show complete diversity

8    overlooks that the forum defendant rule **and** the forum selection clause in the parties' licensing

9    agreement both prohibited removal even if complete diversity was present. Instead of admitting

10   its error and withdrawing the Notice when MC Brands pointed out these issues before filing the

11   Motion, CWN stuck its head in the sand and ignored them. *See* Exh. A to Kay Decl. ECF No. 6.

12   It did so for only one reason: CWN's goal in removal was to defeat Judge Gonzalez's temporary

13   restraining order by preventing her from signing the written order.

14   Fourth, and following up on the last point, CWN wishes to avoid MC Brands'

15   "accusations of misconduct" because the fact is CWN is still selling the misappropriated product

16   that Judge Gonzalez enjoined back on March 4, 2019 at the hearing on MC Brands' request for a

17   temporary restraining order. Specifically and unequivocally, Judge Gonzalez enjoined CWN

18   from "continuing the production, marketing, or sale of Kenny's Chocolate Bits and any other

19   products derived directly or indirectly from MC Brands' trade secrets or company intellectual

20   property, products, or technology or marketing those items." Exh. 1 to Notice, ECF No. 1-2

21   (Pages 164-165 of 173). Despite this clear direction, however, CWN is still selling Kenny's

22   Chocolate Bits, it was displaying t-shirts advertising the products in its stores, and the stores

23   have additional marketing material advertising Kenny's Chocolate Bits. *See* Supplemental

24   Declaration of Rory T. Kay ("Kay Supp.") at ¶¶ 5-7 and Exh. B to same, concurrently filed with

25   this Reply.[8]

26

27   _____

       [8]    MC Brands has twice asked CWN's counsel to remind CWN of its obligations under
28   Judge Gonzalez's ruling, but CWN's counsel has not substantively responded to these requests.
     *See* Kay Supp. at ¶ 10 and Exhibit D to same.

1       Again, CWN's improper removal only had one goal: prevent Judge Gonzalez from

2 signing the temporary restraining order so that CWN could continue to make money off

3 misappropriating MC Brands' trade secrets. CWN accomplished that goal in the short term, but

4 the Court should award MC Brands' attorney's fees and costs in the long term because CWN's

5 removal was nowhere close to objectively reasonable based on relevant case law and the parties'

6 unambiguous licensing agreement. *J.M. Woodworth Risk Retention Group, Inc. v. Uni-Ter*

7 *Underwriting Management Corp.*, 2014 WL 6065820 at *1 (D. Nev. Nov. 12, 2014).

8 **II.     CONCLUSION**

9       CWN's actions do not come in a vacuum. It has a demonstrated history of breaching

10 contracts, not following court orders, and blatantly disregarding anything other than its own

11 desires. *See* Kay Suppl. at ¶ 13 and Exhibit E to same. CWN improperly removed based on

12 assumption and nothing more, solely to frustrate Judge Gonzalez's temporary restraining order

13 while continuing to stack up profits from its misappropriation of MC Brands' trade secrets.

14       When MC Brands notified CWN of the various ways in which its removal was improper,

15 including providing the relevant case law to CWN, CWN refused to act unless MC Brands gave

16 CWN informal discovery about MC Brands' members. When CWN continued with removal, it

17 improperly ignored the *Johnson* standard, acted as if the forum defendant rule did not apply to it,

18 and made no effort whatsoever to provide the Court with sufficient facts about CWN's own

19 members to establish diversity jurisdiction. Finally, CWN advanced nonsensical arguments

20 trying to avoid the licensing agreement's plain and unambiguous forum selection clause

21 requiring litigation to remain in Nevada state court.

22       On any of the reasons advanced by MC Brands, the Court can grant the Motion. That

23 CWN fails on every reason advanced by MC Brands shows that sanctions in the form of MC

24 Brands' attorney's fees and costs are appropriate. Accordingly, MC Brands asks the Court to

25

26

27

28

McDONALD CARANO

2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

4815-7963-2020, v. 2

grant the Motion and award its attorney's fees and costs incurred in opposing CWN's improper

removal.

DATED this 11th day of April, 2019.

McDONALD CARANO LLP


By:  /s/ Rory T. Kay
Jeff Silvestri (NSBN 5779)
Ryan J. Works (NSBN 9224)
Rory T. Kay (NSBN 12416)
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102

*Attorneys for Plaintiff MC Brands, LLC*

4815-7963-2020, v. 2

1

## CERTIFICATE OF SERVICE

2    I HEREBY CERTIFY that I am an employee of McDonald Carano LLP, and that on

3  April 11, 2019, a true and correct copy of the foregoing **PLAINTIFF MC BRANDS, LLC'S**

4  **REPLY IN SUPPORT OF EMERGENCY MOTION TO REMAND** was electronically filed

5  with the Clerk of the Court by using CM/ECF service which will provide copies to the following

6  counsel of record registered to receive CM/ECF notification:

7

8                                            /s/ CaraMia Gerard
                                             An Employee of McDonald Carano LLP

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McDONALD CARANO
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

4815-7963-2020, v. 2